IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-54,600-05, WR-54,600-06, WR-54,600-07 & WR-54,600-08






EX PARTE DAVID FRANK BURRIS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W97-02980-S(B), W97-02981-S(B), W97-02982-S(B) & W97-77841-S(B)

 IN THE 282ND JUDICIAL DISTRICT COURT

FROM DALLAS COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four
charges of aggravated sexual assault of a child and sentenced to fifty-five years' imprisonment in
each case. The Fifth Court of Appeals affirmed his convictions. Burris v. State, Nod. 05-99-01727-CR, 05-99-01727-CR (Tex. App. - Dallas, April 20, 2001, pet. ref'd).

 Applicant raises a number of grounds for review in these four writs. He alleges, inter alia,
that he has newly-discovered evidence of actual innocence in the form of recantation affidavits from
both of the complainants in these four cases. Although Applicant has previously challenged all four
convictions by way of post-conviction habeas writs, which were denied by this Court, he now argues
that the new evidence is sufficient to entitle him to review of his underlying claims. See Ex parte
Elizondo, 947 S.W.2d 202, 208 (Tex. Crim. App. 1996), citing Schlup v. Delo, 513 U.S. 298 (U.S.
1995). The trial court has not made specific findings with respect to the newly-discovered evidence
or the actual innocence claim.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the affidavits presented by Applicant
were in fact provided by the complainants in these cases. If the affidavits are genuine, the trial court
shall make findings as to whether the recantations are credible, and as to whether the affidavits could
have been obtained prior to the filing of Applicant's previous writs. If the trial court finds the
recantation affidavits to be genuine and credible, then the trial court shall make findings as to
whether it is more likely than not that no reasonable juror would have convicted Applicant in the
light of the facts asserted in the recantation affidavits. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 1, 2008

Do not publish